# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 5, 2022

Lyle W. Cayce
Clerk

No. 21-60099
Summary Calendar

Jose Patricio Sandoval-Salmeron,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 798 908

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:*

Jose Patricio Sandoval-Salmeron, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of removal. He contends that the BIA committed legal error and abused its

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60099

discretion in affirming the determination that he failed to demonstrate that his removal would cause exceptional and extremely unusual hardship to his children.

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Guerrero Trejo v. Garland*, 3 F.4th 760, 774 (5th Cir. 2021).

Cancellation of removal is available to applicants who have been continuously present in the United States for 10 or more years prior to filing an application, who can establish good moral character during that time, who have no disqualifying convictions, and whose spouse, children, or parent would suffer exceptional and extremely unusual hardship if the applicant were removed. 8 U.S.C. § 1229b(b)(1). Despite his assertions to the contrary, the consequences facing his children if he were removed are not "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *Guerrero Trejo*, 3 F.4th at 775 (quoting *In Re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001)). Moreover, his claim that his testimony was erroneously characterized as nothing more than a generalized fear of crime is belied by the record because before determining that he was ineligible for cancellation of removal, the immigration judge, whose decision the BIA adopted and affirmed, explicitly considered his testimony that he had previously been extorted by gangs in El Salvador, that he had been shot at and cut with a machete when he could not pay the gangs, and that his brother was murdered by the gang members who were extorting him. Because the record does not compel a finding that his children would suffer exceptional and extremely unusual hardship if he were removed, substantial evidence supports the determination that Sandoval-

No. 21-60099

Salmeron was ineligible for cancellation of removal. *See Guerrero Trejo*, 3 F.4th at 774.

Accordingly, the petition for review is DENIED.